IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

ORDER

            Plaintiff,

09-cr-59-bbc

     v.

MICHAEL D. BALL,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant pleaded guilty to one count of possession with intent to distribute in excess of 50 grams or more of cocaine base and was sentenced on September 28, 2009 to a term of imprisonment of 200 months.   He did not appeal his conviction.

On June 14, 2010, defendant filed a motion to withdraw his guilty plea.  Although defendant has not filed his motion pursuant to 28 U.S.C. § 2255, he is seeking relief that he can obtain only through § 2255, that is, vacation of his conviction and sentence. Therefore, his submission must be construed as a § 2255 motion.  United States v. Evans, 224 F.3d 670, 673 (7th Cir. 2000) ("[A]ny motion filed after the expiration of the time for direct appeal, and invoking grounds mentioned in [§ 2255(1)] is a collateral attack for purposes of [2255(8)].") However, before I attach that label on it, I will give defendant an

1

opportunity to withdraw the motion or resubmit a motion labeled properly as a motion for vacation of sentence pursuant to § 2255.  Castro v. United States, 124 S. Ct. 786 (2003); Evans, 224 F.3d at 675; Henderson v. United States, 264 F.3d 709 (7th Cir. 2001).  If defendant chooses not to withdraw the motion, I will construe it as a motion brought pursuant to § 2255.  Defendant should be aware that in that instance, he will not have another chance to file a § 2255 motion without the advance permission of the court of appeals.  § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .").  If he thinks he has additional grounds to assert, he should withdraw his motion and amend it to include every § 2255 claim he believes he has.  I am including the court's standard form for a motion under 28 U.S.C. § 2255 should the defendant to choose to use it.

Additionally, defendant should keep in mind the time limits that apply to the filing of motions for § 2255 relief.  He should take particular notice that 28 U.S.C. § 2255 sets out four events that trigger the one-year limitations period for the filing of post-conviction motions: (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to making a motion is removed (and the impediment was the result of government action in violation of the Constitution or laws of the United States); (3) the date on which the facts supporting the claims could have been discovered through the exercise of due diligence; or (4) the date "on which the right asserted was initially recognized

2

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Defendant was sentenced on September 28, 2009. Therefore, his conviction became final under 28 U.S.C. § 2255 ¶ 6(1) no later than 10 days thereafter when the period for taking a direct appeal under Fed. R. App. P. 4(b)(1)(A)(I) expired, which would have been October 12, 2009 (before December 1, 2009, in computing the ten-day period, intervening Saturdays and Sundays were not included). Cf. Clay v. United States, 537 U.S.522, 524 (2003) (federal prisoner who takes unsuccessful direct appeal from judgment of conviction but does not petition Supreme Court for writ of certiorari, judgment becomes "final" under § 2255's one-year statute of limitations when time period for seeking writ of certiorari expires). Therefore, defendant has one year from October 12, 2009, or until October 12, 2010 in which to file a motion under 28 U.S.C. § 2255.


ORDER

IT IS ORDERED that defendant may have until July 30, 2010, in which to advise the court whether he wishes to withdraw his motion or proceed with it.  If he chooses to proceed, he is either to attach a rewritten motion, setting out *all* his challenges to his sentence, or advise the court that his only challenge is the one set out in his present motion relating to the voluntariness of his plea.

3

If defendant does not respond to this order by July 30, 2010, the court will consider his motion to have been withdrawn.

Entered this 16th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge