IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.

MICHAEL D. BALL,

                        Defendant.

ORDER

09-cr-59-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 14, 2010, defendant Michael D. Ball filed a motion to withdraw his guilty plea. Dkt. #57. In a June 16, 2010 order, I advised defendant that although he did not characterize his motion as one brought under certain provisions of 28 U.S.C. § 2255, it was a motion for modification of his sentence and must be brought pursuant to 28 U.S.C. § 2255. Therefore, I characterized his motion as one for modification of sentence under 28 U.S.C. § 2255, as I am required to do under <u>Melton v. United States</u>, 359 F.3d 855, 857 (7th Cir. 2004). Because in most cases a defendant has only one opportunity to file a § 2255 motion, I gave him until July 30, 2010, to state whether he wished to withdraw his motion, proceed with it as is or revise it to include any additional claims.

On defendant July 1, 2010, defendant filed a document that appeared to be a

1

response to the court's July 30, 2010 order. Although his submission appeared to be a letter to the prosecutor, he asked that his plea "be adjusted" because he was "threatened by the opposing party," In an order dated August 12, 2010, I found that defendant failed to show that his conviction was invalid in any respect and I dismissed his motion.

Now defendant has filed a motion for reconsideration of the August 12, 2010 order. In his motion he states that "it was not my intention that the Judge construe this letter as anything other than a letter of confession and advise as to the criminal contempt in the court sentence." Because of the confusion surrounding defendant's July 1, 2010 letter, I will grant defendant's motion for reconsideration and vacate the August 12, 2010 order.

Defendant should know that if he chooses to file a motion for modification of his sentence under 28 U.S.C. § 2255 motion, he will have only one opportunity to do so and he must do so within the statutory time limit. He should be aware that whatever motion he chooses to file should contain all the claims he wishes to raise under § 2255. It is likely that this will be his one opportunity to file a such a motion without receiving permission from the court of appeals for a second filing. Defendant must set out any and all reasons why he believes that his sentence was illegal or unconstitutional. Defendant should keep in mind that, because he did not appeal from his sentence, he will have to show that he had cause for not appealing and that he will be prejudiced if he is not allowed to bring his challenge to his sentence in a post conviction motion under § 2255.

ORDER

IT IS ORDERED that the defendant's motion for reconsideration is GRANTED. The August 12, 2010 order denying defendant's motion brought pursuant 28 U.S.C. § 2255 is VACATED and his June 14, 2010 motion is considered withdrawn. If defendant wishes to file a § 2255 motion, he should do so within the statutory time period.

Entered this 7th day of September, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge